# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HARRISON, *Plaintiff*, v. THEODORE HARRISON, RONALD ALAN UNGER, MICHAEL KRASSENSTEIN, and KRASSENSTEIN & UNGER, LLC, *Defendants*. | No. 2:19-cv-02944-JMG |

## ORDER

AND NOW, this _____ day of _____ 2020, upon consideration of Plaintiff Michael Harrison's Motion to Compel Defendant Theodore Harrison's Discovery Responses (the "Motion to Compel"), and any response or reply, it is hereby ORDERED that the Motion to Compel is GRANTED. It is FURTHER ORDERED that Defendant, Theodore Harrison, shall provide full and complete responses, without objections, to Plaintiff's First Set of Requests for Production of Documents Directed to Defendant Theodore Harrison—including but not limited to all documents related to the Trust referenced in paragraph 29 of Plaintiff's Complaint in this matter, all documents related to the Health Savings Account referenced in paragraph 21 of the Complaint, all E-Trade related documents, and all documents related to the State of Israel Bonds referenced in paragraph 27 of the Complaint—within ten (10) days of the date of this Order. Failure to comply with this Order shall result in sanctions.

BY THE COURT:

_____
J.

**RABINOVICH SOKOLOV LAW GROUP LLC**  *Attorneys for Plaintiff*
Jason Rabinovich, Esquire
Identification No. 308167
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (215) 717-2200
E-mail: jason@rslawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL HARRISON,<br><br>*Plaintiff*,<br><br>v.<br><br>THEODORE HARRISON, RONALD ALAN UNGER, MICHAEL KRASSENSTEIN, and KRASSENSTEIN & UNGER, LLC,<br><br>*Defendants*. | No. 2:19-cv-02944-JMG |

**PLAINTIFF MICHAEL HARRISON'S MOTION TO COMPEL
DEFENDANT THEODORE HARRISON'S DISCOVERY RESPONSES**

Plaintiff, Michael Harrison ("Plaintiff"), by and through his undersigned counsel, hereby submits this Motion to Compel Defendant Theodore Harrison's Discovery Responses (the "Motion to Compel"), and, in support thereof, respectfully avers as follows:

1. This is a RICO action commenced by Plaintiff in July 2019.

2. A Rule 16 conference in this matter was held on May 7, 2020, and discovery was initially ordered due by September 4, 2020. The discovery deadline was subsequently extended, and at this time is set for October 4, 2020.

3. On April 24, 2020, Plaintiff served upon Defendant, Theodore Harrison ("Dr. Harrison"), Plaintiff's First Set of Requests for Production of Documents Directed to Defendant

Theodore Harrison (the "Discovery Requests"). A true and correct copy of the Discovery Requests is attached hereto as Exhibit "A".

4. Pursuant to the Federal Rules of Civil Procedure, Dr. Harrison's responses were due by May 25, 2020.

5. Dr. Harrison initially failed to produce any responses to Plaintiff's Discovery Requests, and a telephone conference addressing the matter was held by the Court on June 11, 2020.

6. Thereafter, the Court ordered Dr. Harrison to respond to Plaintiff's Discovery Requests on or before July 12, 2020.

7. Dr. Harrison sent responses and objections on Friday, July 10, 2020; however, this first production was barely responsive to the Discovery Requests.

8. For example, the responses repeatedly vaguely direct the reader to "see attached" in response to trust-related document requests, yet no trust related documents were actually responsively attached in the first production and only a few trust statements were produced in the second production.

9. Additionally, despite clearly being the only one to have access to such documents, Dr. Harrison has failed to produce the following:

   a. Documents related to the Health Savings Account referenced in paragraph 21 of Plaintiff's Complaint (the "HSA")—specifically including but not limited to documents showing deductions obtained as a result of the contributions to the HSA;

   b. Documents relating to all E-Trade trust applications, including rejection or denial letters, without redactions or missing pages; and

  c. Documents involving the State of Israel Bonds referenced in paragraph 27 of Plaintiff's Complaint.

10. Furthermore, a majority of the documents that Dr. Harrison did produce are wholly irrelevant and unresponsive to Plaintiff's Discovery Requests, and instead appear to be an attempt to harass, embarrass, and/or overburden Plaintiff, including producing privileged and confidential documents relating to Plaintiff's medical records.

11. On July 30, 2020, Plaintiff's Counsel sent correspondence to Dr. Harrison's counsel in hopes of addressing the deficiencies in Dr. Harrison's initial responses to the Discovery Requests without motions practice. A true and correct copy of the July 30, 2020 correspondence is attached hereto as Exhibit "B".

12. Appendix A of the July 30, 2020 correspondence outlined 32 requested specific items to supplement Dr. Harrison's response to the Discovery Requests.

13. On August 21, 2020, Dr. Harrison produced updated responses.

14. However, Dr. Harrison's supplemental responses do nothing to address the document deficiencies of the initial responses and appears to be another delay tactic despite Plaintiff's good faith attempt to communicate with counsel to correct the deficiencies.

15. Specifically, neither response produces, or asserts a valid objection regarding the production of, all documents related to the Trust, all documents related to the HSA, and all documents related to the State of Israel Bonds.

16. All documents related to the Trust, the HSA, and the State of Israel Bonds are relevant to Plaintiff's claims in this matter and proportional to the needs of this case.

17. The E-Trade Trust account application produced by Dr. Harrison was improperly redacted and was missing at least four relevant pages.

18. These documents also concern matters solely within the knowledge and control of Dr. Harrison, who was and is the sole trustee of the Trust, and the production of which is essential to proper preparation by Plaintiff for the trial of this case.

19. Plaintiff attempted to obtain some of the relevant documents through third-party subpoenas, to whom Dr. Harrison's counsel sent letters in order to obfuscate their production.

20. Dr. Harrison's evasiveness throughout this action has increased the time and expense required for Plaintiff to litigate this case, and has caused and continues to cause substantial harm to Plaintiff.

21. Plaintiff will be substantially prejudiced if Dr. Harrison does not provide full and complete responses to the Discovery Requests.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant his Motion to Compel and enter an order directing Dr. Harrison to provide full and complete responses, without objections, to the Discovery Requests—including but not limited to all documents related to the Trust, the HSA, and the State of Israel Bonds—along with any other such relief the Court finds just and proper.

RESPECTFULLY SUBMITTED,
**Rabinovich Sokolov Law Group LLC**

BY: _____
Jason L Rabinovich, Esquire
*Attorney for Plaintiff*

Dated: August 24, 2020

## CERTIFICATE OF SERVICE

I, Jason Rabinovich, Esquire, hereby certify that, on or about the date indicated below, I did cause a true and correct copy of Plaintiff Michael Harrison's Motion to Compel Defendant Theodore Harrison's Discovery Responses to be served upon all counsel of record via the Court's ECF system.

**Rabinovich Sokolov Law Group LLC**

BY: _____
Jason L Rabinovich, Esquire
*Attorney for Plaintiff*

Dated: August 24, 2020