# Exhibit "A"

**RABINOVICH SOKOLOV LAW GROUP LLC**  *Attorneys for Plaintiff*
Jason Rabinovich, Esquire
Identification No. 308167
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (215) 717-2200
E-mail: jason@rslawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL HARRISON,<br><br>*Plaintiff*,<br><br>v.<br><br>THEODORE HARRISON, RONALD ALAN UNGER, MICHAEL KRASSENSTEIN, and KRASSENSTEIN & UNGER, LLC,<br><br>*Defendants*. | No. 2:19-cv-02944-JMG |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANT THEODORE HARRISON**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Michael Harrison ("Plaintiff"), by and through his undersigned counsel, hereby directs this First Set of Requests for Production of Documents (the "Document Requests") to Defendant, Theodore Harrison ("Defendant" or "Dr. Harrison"). Dr. Harrison is directed to continually update his answers to the following Document Requests as further information is obtained.

**INSTRUCTIONS**

A. The documents requested herein are to be produced (i) as they are kept in the usual course of business or (ii) organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests for production, and if responsive to more than one

request for production, produced in response to the first request to which it is responsive. If there are no documents responsive to a particular numbered request for production and/or category of documents, so state in writing. Electronically stored information shall be produced in its native format without cleansing, purging, or deletion of any and all metadata.

B. If Defendant claims any form of privilege, whether based upon statute or otherwise, as grounds for not producing any document or other tangible thing, set forth all facts upon which such claim of privilege is based.

C. If Defendant claims any form of privilege, whether based upon statute or otherwise, as grounds for not producing any document or other tangible thing, identify the subject document or tangible thing and set forth all facts upon which such claim of privilege is based, and for each document or tangible thing as to which Defendant claims any form of privilege, identify (i) the date of the document; (ii) the date upon which the document or tangible thing was prepared; (iii) the title or caption of the document; (iv) the form of the document or tangible thing (*e.g.* letter, memorandum, chart, *etc*.); (v) the subject matter of the document or tangible thing; (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document or tangible thing; and (vii) the recipient(s) of the document and/or other tangible thing or any copy thereof, including all persons to whom the document or tangible thing has been provided or who have it within their possession, custody or control.

D. If any document or other tangible thing responsive to any request for production has been destroyed, identify (i) any and all persons who participated in, or who were involved in, the decision to destroy such document or other tangible thing; (ii) any document retention or

destruction policy under which such document or other tangible thing was destroyed and any and all persons who participated in, or who were involved in, the formulation of any such policy; (iii) the reason for the destruction of such document or other tangible thing; and (iv) the date (or approximate date if precise date is not known) of the destruction of such document or other tangible thing.

E. Except for reference to defined or designated terms, or unless otherwise expressly stated, each request for production shall be construed independently and not by reference to any other request for production of documents or other tangible things herein for purposes of limitation.

F. All documents produced in response to each request for production of documents shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim, as well as final, versions of the document shall be produced, and all versions or copies that are not identical to the original or other produced copy of the document, whether due to handwritten notations, modifications, changes, amendments, revisions or otherwise, shall be produced.

G. Where anything has been deleted from a document produced, (i) specify the nature of the material deleted; (ii) specify the reason(s) for the deletion; and (iii) identify the person(s) responsible for the deletion.

H. If any request for production of documents herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

I. Unless specifically noted otherwise, the relevant time frame of the within request for

production of documents and/or other tangible things shall be from January 1, 2000, until the date upon which responses thereto are due, and as may be later supplemented, in accordance with the Federal Rules of Civil Procedure.

**DEFINITIONS**

A. "Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes without limitation, correspondence, memoranda, interoffice communications, minutes, graphs, charts, maps, surveys, books of account, ledgers, invoices, purchase order, pleadings, questionnaires, contracts, bills, checks, drafts, diaries, logs, proposals, print-outs, recordings, telegrams, films, tax returns, and financial statements, and all other such documents tangible or retrievable of any kind. "Documents" also include any preliminary notes and drafts of all the foregoing, in whatever form, for example, printed, typed, longhand, shorthand, on paper, paper tape, tabulating cards, blueprints, magnetic tape, microfilm, films, motion picture films, phonographic records of other form.

B. The "Matter" refers to the the incident(s) detailed in the United States District Court for the Eastern District of Pennsylvania Civil Action Number 2:19-cv-02944-JMG and/or any other similar or related action.

C. The "Trust" refers to the document titled "IRREVOCABLE TRUST For Michael E. Harrison" and dated April 29, 1995 between Sol E. Harrison and Sydria Harrison as settlors and Theodore Harrison as initial trustee.

**DOCUMENTS REQUESTED**

1. A full and complete accounting of the Trust since its inception in April 1995.

2. Any and all documents and records related to the Trust.

3. The May 7, 2017 application to E*Trade regarding transferring the Trust.

4. Any and all written communications—including but not limited to emails, contracts, and text messages—between Dr. Harrison and Ronald Alan Unger, Michael Krassenstein, and Krassenstein & Unger, LLC (collectively, "Accountant Defendants") related to the Trust and/or to Plaintiff.

5. Any and all written communications between Dr. Harrison and any financial or other professional services organization regarding the Trust.

6. Any and all records related to any financial account that Dr. Harrison opened or caused to be opened in Plaintiff's name and/or on Plaintiff's behalf.

7. All information and documentation pertaining to the Citibank Credit Card referenced in paragraph 39 of Plaintiff's Complaint in this Matter.

8. All information and documentation relating to the Citibank Checking Account entitled "Theodore J Harrison TTEE FBO Michael E Harrison" #6780539206.

9. All information and documentation relating to the Citibank Checking Account entitled "Theodore J Harrison ACF Michael E Harrison" #05088179.

10. All documentation pertaining to Dr. Harrison's medical business checking account #31715412.

11. Plaintiff's federal, state, and local tax documents and any and all supporting documents related to Plaintiff's taxes.

12. Documentation of any tax deductions obtained by Dr. Harrison using Plaintiff in any way.

13. Any and all documents containing information that Dr. Harrison intends to use in support of his defense of the Matter or any events related to it.

14. Any and all documents containing contact information for all persons Dr. Harrison knows, may know, or believes to be potential witnesses regarding this Matter or any events related to it.

15. Investigation files regarding the Matter or any events related to it, excluding reference to mental impressions, conclusions or opinions representing the value or merit of a claim or defense, and strategy or tactics.

16. All statements, reports, notes, or memoranda of interviews of any person, whether or not a party, that are relevant to the Matter.

17. All reports and curriculum vitae of every expert witness whom Dr. Harrison and/or his counsel has consulted and/or retained in this Matter.

18. Any and all documents relied upon by Dr. Harrison in drafting his Answer to Plaintiff's Complaint in this Matter.

19. Any and all documents supporting or in any way related to Dr. Harrison's affirmative defenses in this Matter.

20. Each statute, code, rule, or standard that Dr. Harrison intends to use in support of his defense of the Matter.

21. All documents that Dr. Harrison intends to introduce as exhibits at trial or at any hearing regarding the Matter.

22. Any and all documents Dr. Harrison intends to rely upon or use for any purpose at the trial of the Matter.

                    **Rabinovich Sokolov Law Group LLC**

BY: _/s/ Jason L Rabinovich_
            Jason L Rabinovich, Esquire
            *Attorney for Plaintiff*

Dated: April 24, 2020

# CERTIFICATE OF SERVICE

I, Jason Rabinovich, Esquire, hereby certify that I did cause a true and correct copy of the foregoing Plaintiff's First Set of Requests for Production of Documents Directed to Defendant Theodore Harrison to be served upon Defendant's counsel of record on or about the date indicated below.

**Rabinovich Sokolov Law Group LLC**

BY: _____
Jason L Rabinovich, Esquire
*Attorney for Plaintiff*

Dated: April 24, 2020