# Exhibit "B"

RABINOVICH SOKOLOV
LAW GROUP

1700 Market Street
Suite 1005
Philadelphia, PA 19103

T: (215) 717-2200
E: jason@rslawgroup.com
W: rslawgroup.com

July 30, 2020

**<u>VIA ELECTRONIC MAIL ONLY</u>**
Robert Goldman, Esq.
reg@bobgoldmanlaw.com

  RE: Defendant's Responses to Plaintiff's First RFPD

Dear Mr. Goldman:

  I am in receipt of your client's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents. I am writing to address some deficiencies in the responses. It is my hope that we will be able to resolve this matter without having to resort to motions practice. The attached Appendix A sets forth documents which appear to be absent from your client's Responses. Kindly supplement the responses as per Appendix A within five business days. Please also advise within this time frame if your client claims any legitimate privilege or are otherwise objecting to the production of any of the listed documents so that we may proceed accordingly.

  Thank you in advance for your anticipated cooperation. Please reach out if you have any questions or need any additional information from me at this time.

              Sincerely,

              Jason Rabinovich, Esq.

cc: Jonathan S. Ziss, Esquire (via email)
   Michael Luongo, Esquire (via email)

Encl.

# APPENDIX A
## Requested Items to Supplement
## <u>Defendant Theodore Harrison's Responses to Plaintiff's RFPD</u>

1. A full accounting of the Trust since its inception on April 29, 1995 until present.

2. Identification as to which of the 331 pages of documents that are responsive to Defendant's response to Plaintiff's Requests for Production of Documents #2 when Defendant responded with "see attached."

3. All annually prepared and filed Form 1041(s) for the Trust since the Trust's inception on April 29, 1995 and until present.

4. All credit cards and related records strictly associated with Plaintiff's Trust since the Trust's inception on April 29, 1995 and until present.

5. All financial institution account creation forms relating to the Trust since the Trust's inception on April 29, 1995 and until present.

6. All Trust account monthly statements from all financial institutions since the Trust's inception on April 29, 1995 and until present.

7. All written communications, digital or otherwise, sent from Defendant, as trustee of the Trust, which specifically reference the Trust since the Trust's inception on April 29, 1995 until May 31, 2017.

8. All written correspondences, digital or otherwise, between trustee, Defendant and JMS LLC ("JMS") since the Trust's inception on April 29, 1995 and until present.

9. All documents relating to all accounts which have ever possessed Trust funds including but not limited to all statements from JMS, Citi Personal Wealth Management ("CPWM"), and all other financial institutions.

10. All applications, and disclosure, of all accounts relating in any way to the Trust.

11. All account forms created by Defendant relating in any way to the Trust.

12. All other documents, financial or otherwise, relating to the Trust in any way.

13. All checks, including front and back, utilized to withdraw funds from Plaintiff's Trust by Dr. Harrison since the Trust's inception on April 29, 1995 and until present, such as but not limited to the checks referenced in Exhibits "B" and "C" of the Complaint, including all relevant supporting documents.

14. Identification as to the documents that are responsive to Defendant's response to Plaintiff's Response for Production of Documents #3 when Defendant responded with "will be supplied if located." If Defendant is unable to locate these documents, provide an explanation as to why Defendant is unable to log into the E-Trade account(s) and

download them or request them from E-Trade. Please also provide all documentation including but not limited to monthly account(s) and transaction activity statements relating to the following account:



15. With regard to the sole E-Trade record produced by Defendant, T.Harrison_000141, please provide all documents relating to account #6221-8897 and all other E-Trade accounts including but not limited to all documents relating to opening of all account(s) and relating to any and all wire transfer(s) included therein:



16. All documents relating to Plaintiff's requests for production of documents #4 through #7.

17. With regard to Plaintiff's requests for production of documents #8 and #9, Defendant has failed to produce a single Citibank record relating to these Trust and Custodian accounts. All such records must be produced notwithstanding Defendant's "see attached" response, of which zero pages are responsive to Plaintiff's Requests #8-9.

18. All documents relating to Plaintiff's request for production of documents #11 which are relevant and not privileged as they relate to Plaintiff and/or the Trust.

19. All documents relating to Plaintiff's request for production of documents #12 which are relevant and not privileged as they relate to Plaintiff and/or the Trust.

20. Copies of the back(s) of all checks produced by Defendant which were made payable to Plaintiff including but not limited to check #210 in T.Harrison_000063.

21. All tax returns filed on behalf of Plaintiff and/or the Trust including but not limited to all federal, state, and local taxes from 2005 until 2019.

22. All supporting documents relating to all tax filings that Defendant filed on Plaintiff's behalf from 2005 until 2020.

23. Plaintiff's Form 8879 and all e-file authorization signed forms for all applicable tax years including but not limited to 2014 Federal and New York State's e-File Signature Authorization Form(s).

24. All emails, texts, and other written communications between Defendant Harrison and Defendant Accountants as they relate to Plaintiff and/or the Trust from 2005 through today's date.

25. A copy of the 2008 Income Tax Engagement and Representation Letter as referenced in T.Harrison_000240 but not included in the Responses.

26. All credit card statements from Citibank credit card referenced in T.Harrison_000083 which is in Plaintiff's personal name from its commencement until present.

27. All Commerce/TD Bank documents relating to Plaintiff and/or the Trust from 1995 until present. If any of these records have been produced, then please direct Plaintiff to the proper page(s).

28. All records relating to the creation of the Trust's TIN including the TIN letter from the IRS.

29. All documents related to, attached to, and referenced in the communication(s) T.HARRISON_000164.

30. Identification of all documents responsive to Plaintiff's Request #6, to which Defendant responds; "See attached. Additional records are being searched for and, to the extent discoverable, will be provided if, and when, located."

31. With regard to Defendant's Response to Plaintiff's Request #18, all documents relating to Plaintiff's alleged illegal marijuana farm as referenced in Defendant's Answer (in paragraph #41) to Plaintiff's Complaint and again in Defendant Harrison's appeal brief.

32. All documents and records relating to the "Account of Michael Harrison" as seen at the top of T.Harrison_00043 from TD Bank in Cherry Hill, NJ, including but not limited to all account creation documents and monthly statements.